# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY PABON, CDC #C-84831,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STUART RYAN, DR. ARNOLD ANGELICI, D.D.S., DR. DONALD GARSH, D.D.S., DR. RICHARD TORCHIA, D.D.S., and DOES 1though 100, inclusive,<br><br>　　　　　Defendants. | CASE NO. 05CV0283-LAB (CAB)<br><br>**ORDER ADOPTING SECOND REPORT AND RECOMMENDATION** |

On February 9, 2005, Plaintiff, a prisoner proceeding *in forma pauperis* and, at that time, *pro se*, filed a complaint, alleging prison personnel were deliberately indifferent to his serious medical needs. Specifically, Plaintiff alleged that a dentist, Dr. Angelici, while performing a dental procedure, severely injured his mouth. Plaintiff alleges that after this, he was denied adequate treatment over an extended period and that Defendants were thus deliberately indifferent to his serious medical needs.

On April 11, 2005, Plaintiff filed his First Amended Complaint ("FAC"), which Defendants Ryan and Garsh moved to dismiss. These were referred to Magistrate Judges for reports and recommendations pursuant to 28 U.S.C. § 636. Magistrate Judge Leo Papas issued a report and recommendation on Defendant Ryan's motion, and Magistrate Judge Cathy Bencivengo issued a report and recommendation on Defendant Garsh's motion (the "First R&R"). Plaintiff filed objections to both reports and recommendations. On September 6, 2006, the Court adopted both reports and

recommendations, dismissed claims against Defendants Ryan and Garsh without prejudice, and granted Plaintiff leave to amend his complaint a second time.

Shortly before the Court issued its order adopting the reports and recommendations, Plaintiff, who had been proceeding *pro se*, obtained counsel. On October 2, 2006, Plaintiff filed his Second Amended Complaint ("SAC"), which it is apparent was drafted by counsel.

On October 25, 2006, Defendants Garsh and Ryan moved to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6). As before, the motion was referred to Magistrate Judge Bencivengo for report and recommendation, which she issued on April 14, 2007 (the "Second R&R"). The Second R&R recommended that the motion to dismiss be granted as to Defendant Ryan, but denied as to Defendant Garsh. Defendant Garsh alone objected to the Second R&R.

## I.     Legal Standards

A district court has jurisdiction to review a Magistrate Judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Thus, this Court must review those parts of the report and recommendation to which a party has filed a written objection. Section 636(b)(1) does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The Ninth Circuit has interpreted the language of 28 U.S.C. § 636(b)(1), and determined that the "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise.*" *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

When determining whether a complaint states a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Medical Center v. National League of Postmasters of U.S.*, ___ F.3d ____, 2007

1  WL 2284349, slip op. at *2 (9th Cir. 2007) (citation omitted).  However, the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted).

Although the Second R&R cited the now-rejected standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), *see Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007) (abrogating *Conley*'s "no set of facts" standard), the Court in ruling on Defendant Garsh's objections has relied on the current standard and observes that the outcome is unchanged.

**II.    Objections**

Essentially, Defendant Garsh's objection is that Plaintiff has changed his story and his SAC therefore relies on sham allegations.  Defendant Garsh objects that the Second R&R improperly refused to consider facts pleaded in the FAC which contradicted and undercut Plaintiff's pleadings in the SAC.  In support of the principle that the Court should consider earlier pleadings for this purpose, Plaintiff cites various portions of *Bradley v. Chiron Corp.*, 136 F.3d 1317 (Fed. Cir. 1998); *Reddy v. Litton Industries, Inc.*, 912 F.2d 291 (9th Cir. 1990); *McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987); and *Ellingston v. Burlington Northern, Inc.*, 653 F.2d 1327 (9th Cir. 1981).

First, the Court notes, Plaintiff appears to have misconstrued the Second R&R slightly.  While the R&R refused to consider the FAC, or exhibits attached to it, in evaluating whether the SAC stated a claim, the R&R also noted that all the allegations Defendant Garsh wanted considered were also contained in the SAC.  (Second R&R at 5 n.2 ("Defendants point to the following allegations. . . . These allegations, however, are included in the SAC. . .").)  Thus, the Second R&R was not refusing altogether to consider facts previously alleged, but rather was insisting that examination of the sufficiency of the SAC be limited to examination of the operative pleading.

In addition, the Second R&R makes the uncontroversial observation that rulings based on allegations in a superseded pleading are not binding on the Court when it rules on Defendants' motion to dismiss the SAC.  (Second R&R at 6:16–17 ("Any rulings based on those allegations are limited to those allegations and that stage of litigation only."))  As noted above, the Court is generally required

1  to permit a plaintiff to amend his complaint to state a claim, if he can. Implicit in this requirement is
2  the assumption that the amended pleading will be judged on its own merits, without reference to the
3  deficiencies of earlier pleadings. Otherwise, amendment would always be futile.

4       In their briefing, Defendants had sought judicial notice of certain exhibits attached to the FAC;
5  however, Defendant Garsh does not specifically object to the Second R&R's recommendation that his
6  request for judicial notice be denied. Further, it is apparent Defendants were not merely requesting
7  judicial notice of the Court's own records, but rather were requesting judicial notice of the facts
8  contained in exhibits included among those records. As the Second R&R pointed out, the records
9  consist of prison records or correspondence between Plaintiff and prison officials. (Second R&R at
10 6:14–15.) Plaintiff has repeatedly disputed the accuracy of prison records and of statements made by
11 certain officials. Therefore, the mere fact that Plaintiff attached the records as exhibits to his FAC
12 does not authorize judicial notice of any statements included in those records under Fed. R. Evid. 201.

13      Defendant Garsh has also objected to the Second R&R's recommendations regarding his
14 knowledge of Dr. Angelici's alleged incompetence. (Obj. at 9:4–19.) The Court believes Defendant
15 Garsh has misconstrued the Second R&R, however. The Second R&R appears to agree with
16 Defendant Garsh. (Second R&R at 9:17–24.) It notes, for example, that Plaintiff has not alleged Dr.
17 Garsh allowed Dr. Angelici to continue treating Plaintiff after May, 2004. Thus, it appears to conclude
18 that allegations about Defendant Garsh's knowledge of Dr. Angelici's incompetence after May, 2004
19 are irrelevant, just as they were irrelevant with Defendant Ryan. (*Cf. id.* at 11:11–20.)

20      The Court has reviewed the FAC, the First R&R, the SAC, and the Second R&R, and
21 concludes that, while Plaintiff has added factual allegations, they are generally supplemental facts.
22 For example, the SAC makes more specific factual allegations regarding what Plaintiff told Defendant
23 Garsh about his treatment and what Defendant Garsh knew of Plaintiff's condition (*Cf.* generalized
24 or conclusory allegations in FAC ¶¶ 38, 55, 56 63, 65, 71; and SAC ¶ 29 ("On May 23, 2004, Dr.
25 Garsh met with plaintiff, and plaintiff informed Dr. Garsh of all the details of his medical treatment
26 and condition from May 17 to May 23, 2004. Plaintiff informed Dr. Garsh of the infection in the
27 injury site, plaintiff's increased pain, and his continued inability to eat.")). Likewise, the SAC adds
28 specific allegations about Dr. Garsh's knowledge that because of his condition Plaintiff needed a liquid

diet supplement for a period of approximately two years but failed to see that he got it (SAC ¶¶ 32, 48). It further alleges that Plaintiff was provided with the liquid diet supplement for two weeks, but that he was denied it because it was deemed too expensive. (*Id.* ¶ 48.) On the basis of these allegations, the Court considers it a reasonable inference that Defendant Garsh, who was head of the prison's medical department, realized Plaintiff needed the supplement because he could not easily eat solid food, and yet failed to provide it. In addition, the SAC adds more specific allegations about the inadequacy of pain management which, it implies, would have been obvious to a doctor such as Defendant Garsh. (*Id.* ¶¶ 47 (describing symptoms); 57 (describing the inadequacy of Tylenol and Motrin to treat these symptoms).)

In short, while Plaintiff has added allegations, the new allegations appear to supplement, rather than contradict, his earlier pleadings. The Court finds no basis on which to conclude the SAC is based on sham pleadings. Defendant Garsh's objections are therefore **OVERRULED**.

### III. Conclusion and Order

For these reasons, the Court **ADOPTS** the Second R&R. The motion to dismiss the SAC is **DENIED** as to Defendant Garsh, and **GRANTED** as to Defendant Ryan. Plaintiff's claims against Defendant Ryan have previously been dismissed and, although the defects in the amended complaint were pointed out to Plaintiff, he has been unable to cure them. Therefore, the Court believes the defects in his claims against Defendant Ryan cannot be cured by amendment. If Plaintiff wishes to amend his complaint further, he must first obtain leave of the Court. *See Chang v. Chen*, 80 F.3d 1293, 1301 (9th Cir. 1996) (overruled on other grounds by *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc)).

**IT IS SO ORDERED**.

DATED: August 19, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge